WESLEY, Circuit Judge,
concurring:
I concur in Judge Raggi’s opinion because I am reluctant to deviate from the conclusions reached by the Office of Legal Counsel and the D.C. Circuit concerning the question before us, which have been in effect for over twenty years, and which Congress has declined to overturn in all that time. See Freedom of Information Act (5 U.S.C. § 552) — Nat’l Sec. Council-Agency Status Under FOIA 2 Op. O.L.C. 197 (1978), withdrawn by Memorandum from Walter Dellinger, Acting Ass’t Att’y Gen., Office of Legal Counsel, to Alan J. Kreczko, Spec. Ass’t to the President and Legal Adviser, Nat’l Sec. Council (Sept. 20, 1993); see also Armstrong v. Exec. Office of the President, 90 F.3d 553 (D.C.Cir. 1996).
I completely agree with my colleagues that there is no doubt that the core function of the National Security Council proper is a purely advisory one. The Council meets to give advice to the President, who chairs its meetings, and who is the sole “decider” on the questions that come before the Council. The question becomes more complicated, however, when one looks not just at the Council but at the entire NSC System — as we all agree we must do in this case. Subsections of the National Security Act establish Committees that do not include the President but are nonetheless authorized to, among other things, “establish[] priorities,” “establish[ ] policies,” “coordinate policies of the United States,” and “direct activities of the United States Government.” 50 U.S.C. § 3021(g)-(i). These functions sound like those of a government agency that has authority to act on important matters. *569 Moreover, Congress created and empowered these NSC Committees over the express objection of the President. See Presidential Statement on Signing the Intelligence Authorization Act for Fiscal Year 1997, 2 Pub. Papers 1813 (Oct. 11, 1996).
The majority opinion carefully reviews the statutory language in question and concludes those sections can be understood only in the context of the core function of the Council to which the Committees and their staffs report — to act as an advisor to the President on national security matters. There is considerable force to that analysis. Furthermore, the notion that the purely advisory Council might somehow morph into an agency by reason of authorizing statutes for its subunits seems, frankly, peculiar, particularly since it is not clear whether these subunits are actually populated and functioning. We are not in the habit of making law from shadows.
When Congress last spoke to this question, it seemed poised to make FOIA applicable to all important units of the Executive Office of the President. In an ambiguous last-minute compromise, it drew back from that result, indicating instead that some units were sufficiently advisory, sufficiently close to the President, and sufficiently lacking in independent authority that they should remain exempt from FOIA. For over twenty years, the Executive Branch and the Court of Appeals that most frequently interacts with FOIA as applied to the chief offices of government have concluded that the NSC is one of those exempt units, and as noted above, that conclusion apparently has been accepted by the Congress without much controversy. Whether that conclusion is wise policy, or whether it accurately captures the intent of the Congress in adopting the FOIA amendments, is best considered a political issue for Congress and the President, hot for this Court.